**IT IS ORDERED as set forth below:**

Date: August 19, 2019

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| IN RE:<br><br>MUTWAKIL MOHAMED AHMED ELHAG,<br><br>    Debtor. | CASE NO. 18-57358-JWC<br>CHAPTER 7 |
|---|---|
| DAVIS, MATTHEWS & QUIGLEY, P.C.,<br><br>    Plaintiff,<br><br>v.<br><br>MUTWAKIL MOHAMED AHMED ELHAG,<br><br>    Defendant. | ADVERSARY PROCEEDING<br>NO. 18-5180-JWC |

## **ORDER**

    This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9) (the "Motion for Summary Judgment") filed by Davis, Matthews & Quigley, P.C. ("Plaintiff") in the above-captioned adversary proceeding. The adversary proceeding arises out of the Chapter 7

1

Bankruptcy Case of Mutwakil Mohamed Ahmed Elhag ("Debtor" or "Defendant"), Case No. 18-53758-jwc (the "Bankruptcy Case").  Plaintiff filed this adversary proceeding seeking a determination that $46,149 of attorneys' fees awarded to Debtor's former spouse in a divorce proceeding is nondischargeable pursuant to § 523(a)(5) and (15).[1]  Plaintiff filed the Motion for Summary Judgment on March 22, 2019.  Debtor filed a response in opposition on April 10, 2019 (Doc. No. 11) (the "Response").  Plaintiff filed a reply on April 24, 2019 (Doc. No. 12) (the "Reply").  For the reasons set forth below, Plaintiff's Motion for Summary Judgment is granted.

## I.    JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334.  Determination of the dischargeability of a debt is a core matter pursuant to 28 U.S.C. § 157(b)(2)(I).  Venue is proper pursuant to 28 U.S.C. § 1409.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure (the "Federal Rules") applies to this adversary proceeding.  Fed. R. Bankr. P. 7056.  Summary judgment is proper only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993).

A fact is material if it might affect the outcome of a proceeding under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (U.S. 1986).  A dispute of fact is genuine "if the evidence is such that a reasonable jury [or finder of fact] could return a verdict for the nonmoving party."  *Id*.

---

[1] All statutory references are to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) unless otherwise specified.

2

At the summary judgment stage of a proceeding, the Court's function is not to determine the truth of the matter by weighing the evidence, but rather to determine if there is a genuine issue for trial. *Id.* When making this determination, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). "All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir. 1985).

The moving party bears the burden of establishing the right to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982). The moving party must identify those evidentiary materials listed in Federal Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also* Fed. R. Civ. P. 56(e).

Once the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a material issue of fact that precludes summary judgment. *Celotex*, 477 U.S. at 324; *Martin v. Commercial Union Ins. Co.*, 935 F.2d 235, 238 (11th Cir. 1991). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (citations omitted).

## III.  FINDINGS OF FACT

The Court finds the following facts to be undisputed:  Plaintiff represented Debtor's former spouse, Miasa Omer (the "Former Spouse"), in a divorce proceeding between the Former Spouse and Debtor, Case No. 2015-CV-267388 in the Superior Court of Fulton County, State of Georgia,

3

Family Division (the "Superior Court"). The Superior Court granted a divorce on August 30, 2016 and granted leave to both parties to seek attorney's fees. Both parties sought attorney's fees, and on December 16, 2016 the Superior Court entered its Order on Petitioner's Request for Attorney's Fees (the "Superior Court Order") granting attorney's fees to the Former Spouse in the amount of $46,149 (the "Attorney's Fees"). Specifically, the Superior Court Order reads, in its substantive entirety, as follows:

> The court has considered the financial conditions of the parties, the pleadings filed, the outcome of this case after trial, the billing statements and briefs submitted on this issue. The Court has also considered the fact that the petitioner [Debtor] claimed having no money during the case but hired 5 sets of attorneys; the fact that the petitioner withheld crucial financial documents while taunting the respondent [the Former Spouse], "you prove it" with regard to his assets; and the fact that the petitioner used marital assets to pay his own attorney's fees. The Court finds attorney's fees to be appropriate, pursuant to O.C.G.A. Sec. 19-6-2. The Court also finds that the time spent and the rate charged by the respondent's lawyers were reasonable. The Court hereby awards to the respondent attorney fees in the amount of $46,149. These fees shall be paid to her attorney by the petitioner as follows: $1,000.00 per month, to commence on February 1, 2017 and to continue monthly thereafter until the entire amount has been paid in full.

Superior Court Order, Ex. A. to Plaintiff's Complaint to Determine Nondischargeability of Debt Under 11 U.S.C. §§ 523(a)(5) and 523(a)(15) (the "Complaint") (Doc. No. 1).[2] Debtor failed to pay the Attorney's Fees in accordance with the Superior Court Order. Debtor filed his Bankruptcy Case on April 30, 2018 and received a chapter 7 discharge on August 27, 2018.

Plaintiff filed its Complaint initiating this adversary proceeding on July 31, 2018. Debtor filed an answer to the Complaint denying that the Attorney's Fees are non-dischargeable and asserting a counterclaim for Debtor's own attorney's fees incurred in this adversary proceeding.

---

[2] Although Plaintiff did not attach the Superior Court Order to the Motion for Summary Judgment, the Court may consider materials not cited but otherwise in the record. Fed. R. Civ. P. 56(c)(3). Debtor admits in his Answer the paragraph of the Complaint incorporating the Superior Court Order, *see* Doc. No. 5, ¶ 7, and attached the Superior Court Order to his discovery responses in this case, *see* Doc. No. 8, pp. 5 (¶ 1), 7.

4

**IV.     CONCLUSIONS OF LAW**

      A. <u>The Attorney's Fees Are Nondischargeable Under One of Either § 523(a)(5) or (15)</u>

Section 523(a)(5) excepts from discharge any debt "for a domestic support obligation," which is defined in § 101(14A). Section 523(a)(15) excepts from discharge any debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) [*i.e.*, a domestic support obligation] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . ." 11 U.S.C. § 523(a)(15).

> Essentially, the combination of amended § 523(a)(5) and (15) [ ] exclude from discharge all marital and domestic relations obligations, whether support in nature, property division, or hold-harmless, provided that they were incurred in the course of a divorce or separation or established in connection with a separation agreement, divorce decree, or other order of a court of record or a determination made in accordance with state or territorial law by a governmental unit.

*Taylor v. Taylor (In re Taylor)*, 478 B.R. 419, 428-29 (10th Cir. B.A.P. 2012). In individual cases under chapter 7, unlike chapter 13 cases, "the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt." 4 COLLIER ON BANKRUPTCY ¶ 523.23 (Richard Levin & Henry Somme eds., 16th ed.). Whether the Attorney's Fees are a domestic support obligation is not dispositive of whether they are nondischargeable in this chapter 7 case. If the Attorney's Fees are a debt to the Former Spouse incurred in the course of a divorce, then they are nondischargeable under § 523(a)(15) unless they are a domestic support obligation. But if they are a domestic support obligation, then they are nondischargeable under § 523(a)(5).[3] The Court

---

[3] In chapter 13 cases the distinction makes a difference as "debts encompassed by section 523(a)(5) are not dischargeable, while debts encompassed by section 523(a)(15) are dischargeable, unless the debtor obtains a hardship discharge under section 1328(b) . . . ." 4 Collier on Bankruptcy ¶ 523.23. The Court notes that Debtor originally filed his case as a chapter 13 and converted it to a chapter 7 case. Thus, Debtor does not have the right to re-convert the case back to a chapter 13 without Court approval, if at all. 11 U.S.C. § 706(a).

5

need only determine whether the Attorney's Fees are a debt (1) incurred in the course of a divorce and (2) to the Former Spouse. If so, then the Attorney's Fees must be nondischargeable under one of either § 523(a)(5) or (15).

The Court has no trouble finding that the Attorney's Fees are a debt incurred by Debtor in the course of a divorce. The Attorney's Fees were awarded by the Superior Court in the divorce proceeding between Debtor and his Former Spouse for fees she incurred during the divorce proceeding itself. The Attorney's Fees easily satisfy this element of § 523(a)(15), and Debtor does not challenge as much.

All that is left to determine is whether the Attorney's Fees are a debt "to" the Former Spouse. Plaintiff argues the Attorney's Fees are "owed to" the Former Spouse simply because they are "awarded to" the Former Spouse by the explicit language of the Superior Court Order. Debtor's only argument to the contrary is that "[t]he fees in the [Superior Court] Order awarding attorney fees were awarded to the Plaintiff not to the Defendant's ex-spouse." Debtor's argument contradicts the explicit language of the Superior Court Order, which clearly awards the Attorney's Fees to the Former Spouse. The Court, nonetheless, appreciates Debtor's point: the Superior Court Order makes the Attorney's Fees payable to Plaintiff, not the Former Spouse. Plaintiff responds that while the Attorney's Fees are payable to, *i.e.*, recoverable by, Plaintiff, they are owed to the Former Spouse. The question, then, is whether an award of attorney fees to a former spouse but payable directly to the former spouse's attorney is a debt "owed to" the former spouse for purposes of § 523(a)(15).[4]

---

[4] Technically § 523(a)(15) does not include the word "owed" and merely requires a debt be "to" a spouse, former spouse, or child of a debtor. The definition of domestic support obligation, on the other hand, requires that a debt be "owed to or recoverable by" a spouse, former spouse, or child of a debtor. The Court finds no meaningful difference between a debt "to" someone and a debt "owed to" someone and uses both formulations in this opinion. The "recoverable by" prong of § 523(a)(5) is not at issue, and the Court gives no opinion on whether a debt might be "recoverable by" but not "owed to" someone under § 101(14A).

6

The Court found no Eleventh Circuit decision directly on point,[5] and if the Court were considering the issue in a vacuum with only the plain language of §§ 523(a)(15) and § 101(14A) as a guide, Debtor's position might have more appeal.  Unfortunately for Debtor, an overwhelming majority of cases has determined, nearly unanimously, that an award of attorney's fees of a spouse, former spouse, or child of a debtor in a divorce or related proceeding is a debt owed to such spouse, former spouse, or child even when such fees are payable directly to the attorney.[6]  While the Court

---

[5] *Strickland v. Shannon (In re Strickland)*, 90 F.3d 444 (11th Cir. 1996), cited by Plaintiff, hits close to the mark.  The issue in *Strickland* was whether an award of attorney's fees in post-dissolution child-custody litigation involving child-support issues was "for support" of a former spouse for purposes of § 523(a)(5).  The Eleventh Circuit found that the fee award was "legitimately characterized as support" and was nondischargeable because the state court based the award on the former spouse's relative need and ability to pay.  *Id.* at 447.  The court did not address whether the fee award was "owed to" the former spouse, and it is unclear from the decision whether the fee award was made payable directly to the former spouse's attorney, directly to the former spouse, or perhaps both.  Certain language in the decision suggests that the debt was owed to both the former spouse and her attorney, and both the former spouse and her attorney were plaintiffs in the case.  Certain language also suggests that the debtor had been ordered to pay the former spouse's attorney directly, but it is not clear.  In any event, the Eleventh Circuit did not opine on the specific issue *sub judice*, and the Court does not read *Strickland* to be controlling.  That is not to say *Strickland* supports Debtor's position.  It does not.  If anything, *Strickland* indirectly supports Plaintiff's position and indicates the Eleventh Circuit's willingness (though not explicit acknowledgement) to read § 523(a)(5) and (15) more liberally than other § 523 exceptions to discharge.  *See, e.g., In re Crosswhite*, 148 F.3d 879, 881–82 (7th Cir. 1998) (§ 523(a)(5) exception to discharge construed more liberally than other § 523 exceptions); *Taylor v. Taylor (In re Taylor)*, 478 B.R. 419, 427 (10th Cir. B.A.P. 2012) (§ 523(a)(15) exception to discharge construed more liberally than other § 523 exceptions).

[6] *See, e.g., Holliday v. Kline (In re Kline)*, 65 F.3d 749, 750 (8th Cir. 1995) ("attorney fee awards that are in the nature of maintenance or support can be nondischargeable under § 523(a)(5) even if payable directly to the attorney"); *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940 (5th Cir. 1993); *In re Salinsky*, 897 F.2d 743, 744-45 (4th Cir. 1990); *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 11 (2nd Cir. 1981); *Robinson v. Robinson (In re Robinson)*, 193 B.R. 367, 373 (Bankr. N.D. Ga. 1996) ("for the purpose of section 523(a)(5), it appears to make no difference that the divorce court may have ordered payment directly to the attorney" and citing cases); *Marshall v. Marshall (In re Marshall)*, 489 B.R. 630, 634-35 (S.D. Ga. 2013) (surveying pre-BAPCPA and post-BAPCPA case law and concluding "the fact that the attorney's fee award is payable directly to [attorney] has no bearing on whether the debt is a DSO."); *In re Hendricks*, 248 B.R. 652, 657 (Bankr. M.D. Fla. 2000) ("the fact that an award of attorney's fees is payable directly to the attorney rather than the former spouse is immaterial for dischargeability purposes"); *In re Notary*, 547 B.R. 411, 421 (Bankr. D. Colo. 2016) (finding that under either § 523(a)(5) or (15) "[i]t is of no consequence that an attorney fee award is made payable to, and enforceable by, the spouse or child's attorneys"); *Balisle & Roberson, S.C. v. Symdon*, 2016 WL 2731687 (W.D. Wis. May 9, 2016); *McNeil v. Drazin*, 499 B.R. 484, 491-92 (D. Md. 2013) (noting that the weight of post-BAPCPA authority and nearly-unanimous pre-BAPCPA authority found attorney's fees awarded in domestic litigation nondischargeable even when payable directly to attorney); *In re Tepera*, 2012 WL 439257 (Bank. S.D. Tex. Feb. 9, 2012); *Morris v. Allen (In re Morris)*, 454 B.R. 660, 662-63 (Bankr. N.D. Tex. 2011) (finding for purposes of § 523(a)(5) and (15) that "the true focus here is on the nature of the debt and not to whom the debt is owed" and that award of attorney's fees belongs to former spouse even though made payable directly to former spouse's counsel); *Hutton v. Ferguson (In re Hutton)*, 463 B.R. 819, 827-28 (Bankr. W.D. Tex. 2011); *Rogers, Flood & McArdle v. Koscielski (In re Koscielski)*, 2011 WL 338634 (Bankr. N.D. Ill. 2011); *Landau & Assocs., P.C. v. Fricke (In re Fricke)*, 2010 WL 5475808 (Bankr. N.D. Ill. Dec. 30, 2010); *Tarone v. Tarone (In re Tarone)*, 434 B.R. 41, 49 (Bankr. E.D.N.Y. 2010); *Einhorn, Harris, Ascher, Barbarito & Frost v. Hernandez*, 2010 WL 2867697 (Bankr. D. N.J. July

7

may not agree with the reasoning of every decision,[7] and different facts may warrant a different outcome, the Court is not inclined to swim against the current of such an overwhelming flow of jurisprudence on the facts of this case and in light of Debtor's failure to provide a single authority (or argument for that matter) in support of his position.[8]

---

20, 2010); *In re Andrews*, 434 B.R. 541, (Bankr. W.D. Ark. 2010); *Clair, Griefer LLP v. Prensky (In re Prensky)*, 416 B.R. 406, 411 (Bankr. D. N.J. 2009); *Gilman v. Golio (In re Golio),* 393 B.R. 56 (Bankr. S.D.N.Y. 2008); *Sweck v. Sweck (In re Sweck)*, 174 B.R. 352 (Bankr. R.I. 1994); *Porter v. Gwinn (In re Gwinn)*, 20 B.R. 233 (9th Cir. B.A.P. 1982); *see also Falk & Siemer LLP v. Maddigan (In re Maddigan)*, 312 F.3d 589 (2nd Cir. 2002) (fee award payable to attorney of non-spouse-mother of child of debtor nondischargeable); *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1141 (9th Cir. 2002) (fees of guardian *ad litem* in custody dispute; "the identity of the payee is less important than the nature of the debt"); *In re Miller,* 55 F.3d 1487, 1488 (10th Cir.1995) (guardian *ad litem* and psychologist fees of debtor's child); *Hudson v. Raggio & Raggio (In re Hudson)*, 107 F.3d 355, 357 (5th Cir. 1997) (attorneys' fees of non-spouse-mother of child in paternity action); *(In re Dvorak)*, 986 F.2d 940 (5th Cir. 1993) (fees of guardian *ad litem*). While many of the cases cited in this footnote analyze the "owed to" requirement under § 523(a)(5) in its pre-BAPCPA form, the reasoning of such cases applies equally to the current language of § 523(a)(15). Indeed, the relevant language of pre-BAPCPA § 523(a)(5) and post-BAPCPA § 523(a)(15) is identical.

[7] The reasoning of the decisions is inconsistent and not altogether satisfying. Dissenting opinions undermine the persuasiveness of the seminal cases *In re Kline*, 65 F.3d at 751 (Arnold, J., dissenting) and *In re Spong*, 661 F.2d at 11 (Lumbard, J., dissenting), and opinions adopting the majority position often acknowledge that courts "have specifically rejected a strict plain language interpretation of" the statute. *E.g.*, *Miller v. Gentry (In re Miller),* 55 F.3d 1487, 1490 (10th Cir.1995). Despite these imperfections the majority cases all say the same thing: attorney's fees awarded to a former spouse during a divorce proceeding are nondischargeable even if payable directly to the former spouse's attorney.

[8] The Court's own research uncovered only a handful of cases arguably supporting Debtor's position. *See Hibbs & Windsor, P.C. v. Brooks (In re Brooks)*, 371 B.R. 761 (Bankr. N.D. Tex. 2007) (rejected by most courts to have considered it); *Simon, Schindler & Sandberg, LLP v. Gentilini (In re Gentilini)*, 365 B.R. 251, 259 (Bankr. S.D. Fla. 2007) (finding fees awarded directly to attorneys could be nondischargeable if former spouse had continuing liability on the fees, but finding that fees were dischargeable because parties stipulated that statute of limitations barred the attorneys from recovering fees from former spouse); *In re Orzel*, 386 B.R. 210 (Bankr. N.D. Ind. 2008) (construing § 101(14A) for purposes of determining priority claim under § 507(a)(7)). None of the cases bind this Court, and *Brooks* and *Gentilini* are factually distinguishable because it was clear in both cases that the former spouse could not have any liability on the attorney's fees regardless of whether the debtor paid the fees. Nothing on the record in this case indicates that the Former Spouse has no continuing liability on the Attorney's Fees or that the fee award no longer inures to her benefit. *Orzel* and one other case authored by the same judge, *In re Watson*, 402 B.R. 294 (Bankr. N.D. Ind. 2009), appear to be the true outliers against the majority position. One of the few (if not only) reported decisions adopting the reasoning of *Orzel* and *Watson* is *In re Symdon*, 2014 WL 4966680 (Bankr. W.D. Wis. Oct. 3, 2014), which itself was overturned on appeal by *Balisle & Roberson, S.C. v. Symdon*, 2016 WL 2731687 (W.D. Wis. May 9, 2016) in favor of the majority position. A line of cases that would have supported Debtor's position developed in the bankruptcy and district courts in Missouri over 20 years ago, *see Cooper v. Garcia (In re Garcia)*, 174 B.R. 529 (Bankr. W.D. Mo. 1994); *Newmark v. Newmark (In re Newmark)*, 177 B.R. 286 (Bankr. E.D. Mo. 1995); *Hartley v. Townsend (In re Townsend)*, 177 B.R. 902 (Bankr. E.D. Mo. 1995); *Holiday v. Kline (In re Kline)*, 174 B.R. 525 (W.D. Mo. 1994), but the Eighth Circuit overruled this line of cases with *In re Kline*, 65 F.3d 749.

8

The Superior Court clearly awarded the fees "to" the Former Spouse. The Superior Court considered the relative financial position of the parties as required by Georgia law. It is the fees the Former Spouse incurred in connection with the divorce proceeding that Debtor must pay, not some pre-existing or independent obligation Debtor owes to Plaintiff. Nothing in the Superior Court Order or the record suggests that the Former Spouse's obligation on the Attorney's Fees has been released. While Plaintiff certainly benefits from the direct payment requirement, it is clear to the Court that the intended primary beneficiary of the award is the Former Spouse, not Plaintiff, and the debt arises from an obligation Debtor owes to the Former Spouse in connection with the divorce proceeding. It would elevate form over substance to find the Attorney's Fees are not owed to the Former Spouse due only to the expedience of direct payment to Plaintiff.[9] The Court therefore finds that the Attorney's Fees are a debt to the Former Spouse for purposes of § 523(a)(15).

With the elements of § 523(a)(15) satisfied (other than the requirement that the Attorney's Fees not be a domestic support obligation) the Attorney's Fees must be nondischargeable under one of either § 523(a)(5) or (15). Because it is not relevant in this case which of the two sections renders the Attorney's Fees nondischargeable, the Court need not determine whether the

---

[9] Debtor does not raise the issue of Plaintiff's standing, but some courts have determined that attorneys of former spouses do not have standing to assert nondischargeability claims when the award of attorneys' fees is made payable directly to the former spouse and not the attorney. *See O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears v. Perlin (In re Perlin)*, 30 F.3d 39 (6th Cir. 1994). In contrast to *In re Perlin*, the Superior Court made the Attorney's Fees directly payable to Plaintiff in the case *sub judice*. Further, O.C.G.A. § 19-6-2(c) gives standing to Plaintiff to enforce the Attorney's Fees. Thus, the Court finds Plaintiff has standing to assert its claim for nondischargeability. *See Manz v. Palomino (In re Palomino)*, 355 B.R. 349 (Bankr. S.D. Fla. 2006) ("The law is well-settled that an attorney who has been awarded attorney fees in a dissolution action and related litigation has standing to seek payment of those fees in bankruptcy, even if the award is to the attorney directly rather than to the former spouse."); *Collins v. Solomon (In re Collins)*, 500 B.R. 747, 754 (E.D. Va. 2013) (attorney for former spouse has standing to bring nondischargeability action where fee award made payable to attorney); *Porter v. Gwinn (In re Gwinn)*, 20 B.R. 233 (9th Cir. B.A.P. 1982) (reversing lower court ruling that attorney of former spouse had no standing to bring nondischargeability when fee award made payable to attorney); *Clair, Griefer LLP v. Prensky (In re Prensky)*, 416 B.R. 406 (Bankr. D. N.J. 2009) (rejecting argument that former spouse's attorneys had no standing to assert nondischargeability action under § 523(a)(15) where fee award payable directly to attorneys).

9

Attorney's Fees are a domestic support obligation.[10]

      B. <u>Debtor's Claim for Attorneys' Fees Is Denied</u>

Because the Court finds that Plaintiff is entitled to summary judgment, the Court denies Debtor's counterclaim for attorney's fees incurred in this adversary proceeding. To the extent Debtor's Response included its own request for summary judgment, that request is also denied.

**V.**    **<u>CONCLUSION</u>**

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED.** A separate judgment will enter in favor of Plaintiff.

END OF DOCUMENT

---

[10] Plaintiff also requested summary judgment on the basis that Defendant failed to respond to requests for admissions and therefore has admitted that the Attorney's Fees are a domestic support obligation and a debt owed to the Former Spouse. Because the Court has ruled on Plaintiff's claims on the merits, the Court need not address Debtor's: (1) failure to file a motion pursuant to Federal Rule 36 to withdraw any admissions resulting from his failure to respond to the requests for admissions; (2) failure to provide any evidence (sworn affidavit or otherwise) that he never received the requests for admissions; (3) failure to file a statement of material facts to which Debtor contends an issue exists to be tried as required by BLR 7056-1; and (4) failure to respond to the enumerated paragraphs in Plaintiff's statement of material facts as required by BLR 7056-1, all of which taken together would form an additional basis to grant the Motion for Summary Judgment.